UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

GREGORY P. FLEMING,

    Plaintiff,

    v.                         CAUSE NO. 3:20-CV-845-RLM-MGG

GALIPEAU, et al.,

    Defendants.

OPINION AND ORDER

Gregory P. Fleming, a prisoner without a lawyer, filed a motion to amend his complaint and a proposed amended complaint. ECF 10; ECF 10-1. The court will permit the amendment (a motion wasn't necessary because under Federal Rule of Civil Procedure 15(a)(1)(B), Mr. Fleming may amend "once as a matter of course . . ..").

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A.

Mr. Fleming alleges that, on February 11, 2020, Sgt. Remkins issued a conduct report in which he accused Mr. Fleming of possessing intoxicants, in violation of

Indiana Department of Correction Offense B-231. The report states that Sgt. Remkins found a folded-up paper with approximately five strips of what appeared to be K-2 sprayed paper during a search of Mr. Fleming. The evidence was submitted to internal affairs. Sharon Hert reviewed the evidence and, based on her training and experience, found that the evidence was consistent with paper treated with a synthetic drug because it was packaged in a manner consistent with synthetic drugs, contained paper slivers consistent with synthetic drugs, and was found concealed on the offender in a manner consistent with contraband.

A hearing on the violation was held before Disciplinary Hearing Officer Valazq[1] on February 28, 2020. At the hearing, Mr. Fleming said the strips in his pocket weren't being hidden; he had them to mark pages in books. He further indicated that the chemical test results would prove he was innocent. The hearing was postponed to get the lab results. The next day, Officer Valazq resumed the hearing amd explained that the test results weren't available because the evidence had been thrown away. Officer Valazq allegedly said that Sergeant Collinsworth, the Disciplinary Hearing Board Coordinator, told her to go ahead and find Mr. Fleming guilty and close the case. Mr. Fleming was found guilty based on the conduct report and staff reports. He was sanctioned with a 30-day loss of phone and commissary

---

[1] The amended complaint includes several different spellings of the DHO's last name. The court uses the spelling used in the caption.

privileges, and a 40-day loss of earned credit time. The loss of earned credit time was suspended.[2]

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). The Fourteenth Amendment guarantees prisoners the following procedural due process rights in prison disciplinary hearings: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision-maker; (3) an opportunity to call witnesses and present documentary evidence in defense, when consistent with institutional safety and correctional goals; and (4) a written statement by the fact-finder of evidence relied on and the reasons for the disciplinary action. Wolff v. McDonnell, 418 U.S. 539, 563-73 (1974). To satisfy due process, there must also be "some evidence" in the record to support the guilty finding. Superintendent, Mass Corr. Inst. v. Hill, 472 U.S. 445, 455 (1985). Mr. Fleming's complaint alleges the defendants violated his Fourteenth Amendment right to procedural due process in numerous ways.

Mr. Fleming asserts that due process required Sharon Hert to test the substance that was allegedly an intoxicant. Mr. Fleming had a due process right to present evidence, but he can't demand the creation of evidence that doesn't exist. No

---

[2] Nothing before the court indicates that the suspended portion of the sanction was imposed. However, if the suspended portion of the sanction was imposed, then Mr. Fleming could not proceed here until his finding of guilt is overturned. Mr. Fleming can't seek damages for a violation of the Due Process Clause if a finding in his favor here would imply the invalidity of that conviction. In Edwards v. Balisok, 520 U.S. 641 (1997), the United States Supreme Court made clear that the principles of Heck v. Humphrey, 512 U.S. 477, 481 (1994), also apply to prison disciplinary cases.

3

testing was performed, so no due process violation occurred. *See* Wolff v. McDonnell, 418 U.S. at 566; *see also* Freitas v. Auger, 837 F.2d 806, 812 n.13 (8th Cir. 1988) ("Freitas was not entitled to a polygraph examination . . . ."); Rhatigan v. Ward, 187 Fed. Appx. 889, 890-891 (10th Cir. 2006); and Arthur v. Ayers, 43 Fed. Appx. 56, 57 (9th Cir. 2002) (inmates were not entitled to laboratory testing of substances).

Mr. Fleming says his due process rights were violated because Officer Valazq didn't provide him with written notice of the postponement. Due process requires that Mr. Fleming be provided with advance written notice of the charges against him, not advanced written notice of when the hearing will take place. *See* Wolff v. McDonnell, 418 U.S. at 564. Mr. Fleming was formally notified of the charge on February 11, 2020, and the hearing took place on February 28 and 29, 2020. He received well over 24 hours' notice.

Mr. Fleming also asserts that Sergeant Collingsworth violated his due process rights by preventing him from preparing a defense. It's unclear how Sergeant Collingsworth prevented him from preparing a defense, but the factual allegations here suggest that Mr. Fleming says he was denied an impartial decision maker. In the prison disciplinary context, adjudicators are "entitled to a presumption of honesty and integrity," and "the constitutional standard for improper bias is high." Piggie v. Cotton, 342 F.3d 660, 666 (7th Cir. 2003). The allegations that Sergeant Collingsworth told Officer Valazo how to decide Mr. Fleming's disciplinary charge, if true, implicates due process concerns. Mr. Fleming will be granted leave to proceed on this claim against Officer Valazq and Sergeant Collingsworth.

4

Mr. Fleming further takes issue with Officer Velazo's written statement of reasons. The written statement requirement is "not onerous," and to satisfy due process, "[t]he statement need only illuminate the evidentiary basis and reasoning behind the decision." Scruggs v. Jordan, 485 F.3d 934, 941 (7th Cir. 2007). Here, the hearing report reflects what evidence Officer Velazo considered in finding Mr. Fleming guilty and the reasons for the sanctions that were imposed. Mr. Fleming plainly received a copy of the report, since he filed an appeal three days after the hearing. He hasn't established a due process violation.

Mr. Fleming further contends he was found guilty without any evidence of his guilt. But there is some evidence. Due process is satisfied so long as there is "any evidence in the record that could support the conclusion reached by the disciplinary board." Hill v. Supt., 472 U.S. at 455-456. The conduct report and the statement of Sharon Hert that, based on her training and experience, Officer Velazo had reasonable cause to believe that the paper confiscated from Mr. Fleming was a synthetic drug constitute some evidence of Mr. Fleming's guilt.

Mr. Fleming is also unhappy with how Warden Galipeau and Elise Gallagher handled his appeals, but he has no due process right to appeal Officer Velazo's finding of guilt. *See* White v. Ind. Parole Bd., 266 F.3d 759, 768 (7th Cir. 2001) (warning against adding additional due process protections beyond those provided by *Wolff*).

Mr. Fleming further alleges that his due process rights were violated by the defendants' failure to adhere to certain IDOC policies, including a policy that required substances be tested and an evidence retention policy. Violations of internal policies

5

aren't constitutional violations. Keller v. Donahue, 271 F. App'x 531, 532 (7th Cir. 2008) (inmate's claim that hearing officer failed to follow internal policies and procedures in prison handbook had "no bearing on his right to due process.").

As a result of the conduct violation, Mr. Fleming was unable to participate in prison programs for 180 days, and so was ineligible to receive a time cut that he otherwise might have received. There is no constitutional right to educational programs. Garza v. Miller, 688 F.2d 480, 486 (7th Cir. 1982). Prisoners have neither a liberty nor a property interest in educational programs. Higgason v. Farley, 83 F.3d 807, 809–10 (7th Cir. 1995). This is equally true of his inability to qualify for a reduction in his sentence. Denying a prisoner the chance to earn credit time by taking educational courses states no claim upon which relief can be granted in a § 1983 action. *Id.*

Mr. Fleming seeks a finding that his due process rights were violated, and the removal of all disciplinary sanctions related to the conduct report. To the extent that Mr. Fleming might be seeking his release from prison, that relief isn't available to him in an action brought under 42 U.S.C. § 1983. *See* Heck v. Humphrey, 512 U.S. 477, 481 (1994)("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement . . .."). Mr. Fleming doesn't seek compensatory or punitive damages, but even if he did, they are unavailable. Federal law prohibits compensation in this case for a mental or emotional injury without a physical injury, and the due process claim proceeding here did not cause physical injury. 42 U.S.C. § 1997e(e). Nevertheless,

> [b]ecause the right to procedural due process is "absolute" in the sense that it does not depend upon the merits of a claimant's substantive assertions, and because of the importance to organized society that procedural due process be observed, we believe that the denial of procedural due process should be actionable for nominal damages without proof of actual injury.

Carey v. Piphus, 435 U.S. 247, 266 (1978) (citation omitted). Mr. Fleming will be granted leave to proceed only "to recover nominal damages not to exceed one dollar . . .." *Id.* 435 U.S. at 267.

For these reasons, the court:

(1) DENIES AS MOOT Gregory P. Fleming's Motion to Amend Complaint (ECF 10);

(2) DIRECTS the clerk to file Mr. Fleming's proposed amended complaint (ECF 10-1);

(3) GRANTS Mr. Fleming leave to proceed against DHO Valazq and DHB Coordinator Sgt. Collinsworth in their individual capacities for nominal damages for depriving him of an impartial hearing on February 28, 2020, and February 29, 2020, in violation of the Fourteenth Amendment;

(4) DISMISSES all other claims;

(5) DISMISSES Mr. Galipeau, Sharon Hert, and Elise Gallagher;

(6) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) DHO Valazq and DHB Coordinator Sgt. Collinsworth at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 10-1), pursuant to 28 U.S.C. § 1915(d);

(7) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(8) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), DHO Valazq and DHB Coordinator Sgt. Collinsworth to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on June 28, 2021

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT