UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

GREGORY P. FLEMING,

    Plaintiff,

    v.                              CAUSE NO. 3:20-CV-845-RLM-MGG

GALIPEAU, et al.,

    Defendants.

OPINION AND ORDER

Gregory P. Fleming, a prisoner without a lawyer, was granted leave to proceed against disciplinary hearing officer Valazq and disciplinary hearing board coordinator Sgt. Collinsworth in their individual capacities for nominal damages for depriving him of an impartial hearing on February 28 and 29, 2020 in violation of the Fourteenth Amendment, but he was denied leave to proceed on several other claims. ECF 12. Mr. Fleming has filed a motion for reconsideration of the determination that his amended complaint didn't state a claim based on his inability to participate in prison programs that could have resulted in a reduction of his sentence following an allegedly false disciplinary charge. ECF 17.

Mr. Fleming's amended complaint explains that he was accused of possessing intoxicants in violation of Indiana Department of Correction Offense B-231, but no chemical testing was done to confirm that the substance was an intoxicant. ECF 14 at 3-5. He further alleges that, as a result of the allegedly fraudulent conduct violation, he was unable to participate in prison programs for 180 days, and therefore

ineligible to receive a time cut that he otherwise might have received. *Id.* at 9. With regard to this claim, the court found that there is no constitutional right to educational programs. ECF 12 at 6 (citing Garza v. Miller, 688 F.2d 480, 486 (7th Cir. 1982)). Prisoners have neither a liberty nor a property interest in educational programs. *Id.* (citing Higgason v. Farley, 83 F.3d 807, 809–810 (7th Cir. 1995)). This is equally true of his inability to qualify for a reduction in his sentence. *Id.* And court of appeals has held that denying a prisoner the opportunity to earn credit time by taking educational courses states no claim upon which relief can be granted in a § 1983 action. *Id.*

Mr. Fleming concedes in his motion to reconsider that he doesn't have a constitutional right to educational programs, but nonetheless asserts that his procedural due process rights were violated. But the allegations related to his inability to participate in educational programs don't state a claim on which relief can be granted, for the reasons explained in Higgason v. Farley, 83 F.3d 807, 809–10 (7th Cir. 1995) and this court's screening order.

Mr. Fleming further asserts that this court found that "no evidence exists to support a finding of intoxicants, and the plaintiff may not demand creation of such evidence that doesn't exist." ECF 17 at 1. This statement misconstrues the court's finding. The order states the following:

> Mr. Fleming asserts that due process required Sharon Hert to test the substance that was allegedly an intoxicant. Mr. Fleming had a due process right to present evidence, but he can't demand the creation of evidence that doesn't exist. No testing was performed, so no due process violation occurred. *See* Wolff v. McDonnell, 418 U.S. at 566; *see also* Freitas v. Auger, 837 F.2d 806, 812 n.13 (8th Cir. 1988) ("Freitas was not entitled to a polygraph examination . . . ."); Rhatigan v. Ward, 187 Fed. Appx. 889, 890-891 (10th Cir. 2006); and Arthur v. Ayers, 43 Fed.

2

> Appx. 56, 57 (9th Cir. 2002) (inmates were not entitled to laboratory testing of substances).

ECF 12 at 3-4. The court found that Mr. Fleming had no constitutional right to the results of chemical testing of the allegedly intoxicating substance where no testing was performed. That is all. The order also found that, contrary to Mr. Fleming's assertion, there was some evidence to support the finding that he was guilty of possessing an intoxicant. *Id.* at 5.

Mr. Fleming's motion for reconsideration points to no error or law or fact that warrants reconsideration. For these reasons, the motion (ECF 17) is DENIED.

SO ORDERED on August 30, 2021

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT