UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

GREGORY P. FLEMING,

      Plaintiff,

          v.

VALAZQUEZ, et al.,

      Defendants.

CAUSE NO. 3:20-CV-845-RLM-MGG

OPINION AND ORDER

Defendants Margarita Velazquez and Kaitlyn Collinsworth filed a motion for judgment on the pleadings. They argue that judgment should be entered in their favor because Heck v. Humphrey, 512 U.S. 477 (1994) and Edwards v. Balisok, 520 U.S. 641 (1997) bar plaintiff Gregory P. Fleming's due process claim.

While the motion is brought pursuant to Federal Rule of Civil Procedure 12(c), the court applies the same standard that is applied to a motion pursuant to Federal Rule of Civil Procedure 12(b)(6). Lodholtz v. York Risk Servs. Grp., Inc., 778 F.3d 635, 639 (7th Cir. 2015). Given that the court screens prisoner cases in part under a Rule 12(b)(6) standard, the motion is akin to a motion to reconsider, which is generally disfavored absent a manifest error of law or fact. Rothwell Cotton Co. v. Rosenthal & Co., 827 F.2d 246, 251 (7th Cir. 1987) (quoting Keene Corp. v. Int'l Fid. Ins. Co., 561 F. Supp. 656, 665 (N.D. Ill. 1982), aff'd, 736 F.2d 388 (7th Cir. 1984)). Treated either as a motion to reconsider or a Rule 12(c) motion, the operative standard for the pleading stage remains dispositive nonetheless: the court must accept all well-

pleaded factual allegations as true and view them in the light most favorable to the plaintiff. Luevano v. WalMart Stores, Inc., 722 F.3d 1014, 1027 (7th Cir. 2013). Consistent with this standard, the court construes all reasonable inferences in Mr. Fleming's favor.

Mr. Fleming claims that his due process rights were violated in prison disciplinary proceedings that resulted in him being sanctioned with a 30-day loss of phone and commissary privileges and a 40-day loss of earned credit time. The loss of earned credit time was suspended. The court granted Mr. Fleming leave to proceed against DHO Velazquez and DHB Coordinator Sgt. Collinsworth in their individual capacities for nominal damages for depriving him of an impartial hearing on February 28, 2020, and February 29, 2020, in violation of the Fourteenth Amendment.

In a footnote, the court recognized that, if the suspended portion of Mr. Fleming's sanction were imposed, Mr. Fleming couldn't proceed on this claim until his finding of guilt is overturned. This is because, pursuant to Heck v. Humphrey, 512 U.S. 477, 481 (1994), Mr. Fleming can't seek damages for a violation of the Due Process Clause if a finding in his favor here would imply the invalidity of that conviction.

> In *Heck* ... this Court held that a state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if 'a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence,' unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated.

Edwards v. Balisok, 520 U.S. 641, 643 (1997). *Edwards* made clear that the principles of *Heck* apply to prison disciplinary cases.

2

The defendants don't indicate that the suspended portion of Mr. Fleming's sentence has been imposed. Still, the defendants argue that *Heck* and *Balisok* bar the claim. They argue as follows:

> Yet the Seventh Circuit's decision in *Morgan v. Schott*, 914 F.3d 1115 (7th Cir. 2019) states that whether the disciplinary sanctions affect the *duration* or the *condition* of an offender's confinement is irrelevant. Instead, what matters is whether a civil judgment would be inconsistent with an outstanding conviction or sentence. *See id.* at 1119–20. A favorable ruling for Plaintiff in this case would undercut the Disciplinary Hearing Board's sentence, notwithstanding the fact that the imposed sanction only affected the conditions of Plaintiff's confinement, i.e. restricted access to phone and commissary privileges. Defendants are therefore entitled to judgment on Plaintiff's due process claim.

ECF 36 at 4-5.

*Morgan* includes a general statement that "*Heck* prevents the entry of any *judgment* that would cast doubt on the validity of the plaintiff's punishment or conviction." Morgan v. Schott, 914 F.3d 1115, 1122 (7th Cir. 2019) (emphasis in original). *Morgan* involved a plaintiff who was sanctioned with a loss of good-time credits, and that sanction had not been suspended. *Id.* at 1117. The plaintiff in *Morgan* was attempting to skirt the rule set forth in *Heck* by waiving challenges to the portion of the punishment revoking good-time credits. *Id.* Mr. Fleming isn't trying to avoid the ramifications of *Heck* with a strategic waiver. Rather, his sanction didn't implicate the fact or duration of his sentence and, unless and until the suspended portion of his sentence is imposed, it simply does not trigger *Heck*. This is because "[a] 'conviction,' for purposes of *Heck,* includes a ruling in a prison disciplinary proceeding that results in a change to the prisoner's sentence, including the loss of

good-time credits." White v. Fox, 294 F. App'x 955, 960 (5th Cir. 2008). The defendants' interpretation of *Morgan* is inconsistent with United States Supreme Court precedent. Muhammad v. Close, 540 U.S. 749, 751–752, 124 S. Ct. 1303, 1304–1305, 158 L. Ed. 2d 32 (2004) ("*Heck's* requirement to resort to state litigation and federal habeas before § 1983 is not, however, implicated by a prisoner's challenge that threatens no consequence for his conviction or the duration of his sentence. There is no need to preserve the habeas exhaustion rule and no impediment under *Heck* in such a case, of which this is an example."). Our court of appeals reaffirmed this in 2020, after *Morgan* was decided. "[A] section 1983 complaint that challenges a disciplinary sanction related only to the conditions of confinement and that does not implicate the validity of the underlying conviction or the duration of the sentence (e.g. loss of good time credits) is not subject to *Heck*'s favorable termination requirement." Savory v. Cannon, 947 F.3d 409, 423 (7th Cir. 2020), *cert. denied*, 141 S. Ct. 251, 208 L. Ed. 2d 24 (2020).

In short, the court is unconvinced by the defendants' argument that *Morgan* stands for the proposition that *Heck* and *Balisok* bar due process claims involving disciplinary sanctions even when those sanctions do not implicate the fact or duration of the plaintiff's confinement. The court stands by its screening order (ECF 12).

For these reasons, the court:

(1) DENIES the motion for judgment on the pleadings (ECF 35);

(2) GRANTS the motion for an extension of time to file a motion for summary judgment on the issue of exhaustion of administrative remedies (ECF 37);

    (3) EXTENDS the deadline to file a summary judgment motion addressing the affirmative defense of exhaustion to **<u>January 19, 2022</u>**.

    SO ORDERED on December 15, 2021

s/ Robert L. Miller, Jr.      
JUDGE
UNITED STATES DISTRICT COURT