UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

GREGORY P. FLEMING,

            Plaintiff,

        v.                    CAUSE NO. 3:20-CV-845-RLM-MGG

VALAZQUEZ, et al.,

            Defendants.

<u>OPINION AND ORDER</u>

Gregory P. Fleming, a prisoner without a lawyer, is proceeding in this case "against DHO [Valazquez] and DHB Coordinator Sgt. Collinsworth in their individual capacities for nominal damages for depriving him of an impartial hearing on February 28, 2020, and February 29, 2020, in violation of the Fourteenth Amendment[.]" ECF 12 at 7. Mr. Fleming alleges the defendants violated his due process rights during a disciplinary hearing because Sgt. Collinsworth told DHO Valazquez to find Mr. Fleming guilty and close the case "to get it done and off the case load," and DHO Valazquez complied. ECF 2 at 6. The defendants moved for summary judgment, arguing that Mr. Fleming didn't exhaust his administrative remedies before filing suit. Mr. Fleming filed a response and the defendants filed a reply. Mr. Fleming then filed an unauthorized sur-reply, which the defendants have moved to strike.[1] The summary judgment motion is ripe for ruling.

---

[1] Northern District of Indiana Local Rule 56-1 provides an opportunity for only a single response and prohibits the filing of additional briefs without leave of court. N.D. Ind. L. R. 56-1(d). Nevertheless, the court has reviewed the contents of Mr. Fleming's sur-reply, and concludes the arguments raised in the sur-reply have no impact on the disposition of this case.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. Heft v. Moore, 351 F.3d 278, 282 (7th Cir. 2003).

Prisoners can't bring an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." Perez v. Wisconsin Dep't of Corr., 182 F.3d 532, 535 (7th Cir. 1999). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." King v. McCarty, 781 F.3d 889, 893 (7th Cir. 2015).

Courts take a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). "[U]nless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred." Pozo v. McCaughtry, 286 F.3d 1022, 1023 (7th Cir. 2002). A prisoner can be excused from exhausting if the grievance process was effectively unavailable. Woodford v. Ngo, 548 U.S. 81, 102 (2006). Administrative remedies

aren't considered available when prison staff hinder an inmate's ability to use the administrative process. <u>Kaba v. Stepp</u>, 458 F.3d 678, 684 (7th Cir. 2006). Accordingly, "exhaustion is not required when the prison officials responsible for providing grievance forms refuse to give a prisoner the forms necessary to file an administrative grievance." <u>Hill v. Snyder</u>, 817 F.3d 1037, 1041 (7th Cir. 2016).

The defendants argue that Mr. Fleming didn't exhaust his administrative remedies before filing this lawsuit because he didn't file any grievances complaining they violated his due process rights during a disciplinary hearing. ECF 51 at 6-7. Mr. Fleming concedes that he never submitted any grievance regarding the defendants' conduct at the disciplinary hearing, ECF 56-1, but argues that he wasn't required to submit a grievance to exhaust his remedies for two reasons.

First, Mr. Fleming argues he wasn't required to submit a grievance because his claim against the defendants wasn't grievable because it involved a disciplinary action or decision. Mr. Fleming is correct that the Offender Grievance Process lists "disciplinary actions or decisions" as non-grievable issues, ECF 50-2 at 3, but he isn't proceeding on a challenge to a disciplinary action or decision. Instead, he is proceeding on a claim that prison staff violated his constitutional rights during a disciplinary hearing. The grievance process lists as grievable issues both "[a]ctions of individual staff" and "[t]he manner in which staff members interpret and apply the policies, procedures, or rules of the Department or of the facility[.]" *Id.* Because Mr. Fleming's complaint alleges that prison staff's specific actions violated his constitutional rights, it appears this conduct would have been grievable even though

it occurred during a disciplinary hearing. Thus, under these circumstances, the Offender Grievance Process required Mr. Fleming to at least try to submit a grievance prior to filing this lawsuit even if he believed the conduct was not grievable. *See* <u>Ross v. Blake</u>, 578 U.S. 632, 644 (2016) ("when an administrative process is susceptible of multiple reasonable interpretations, Congress has determined that the inmate should err on the side of exhaustion"); <u>Massey v. Helman</u>, 196 F.3d 727, 733 (7th Cir. 1999) ("[T]here is no futility exception to the PLRA's exhaustion requirement").

Second, Mr. Fleming argues that he exhausted his claim against the defendants by completing the disciplinary hearing appeal process. ECF 56-1 at 10-14. He says that his completion of the disciplinary hearing appeal process put the prison on notice and gave it an opportunity to address his allegations the defendants violated his due process rights, which is sufficient to show exhaustion. Courts take a "strict compliance approach to exhaustion," and Mr. Fleming cites no case in which any court has ever found the disciplinary hearing appeal process to be a valid substitute for the Offender Grievance Process. *See* <u>Dole v. Chandler</u>, 438 F.3d at 809; <u>Pozo v. McCaughtry</u>, 286 F.3d at 1025 ("To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require").

The defendants have provided evidence that Mr. Fleming didn't exhaust any grievance before filing this lawsuit, and Mr. Fleming provides no evidence excusing the lack of exhaustion. The defendants have met their burden to show that Mr. Fleming didn't exhaust his administrative remedies before filing this lawsuit.

For these reasons, the court:

(1) DENIES the defendants' motion to strike Mr. Fleming's sur-reply (ECF 66);

(2) GRANTS the defendants' motion for summary judgment (ECF 50); and

(3) DIRECTS the clerk to enter judgment in favor of the defendants and against Gregory P. Fleming and to close this case.

SO ORDERED on July 5, 2022

/s/ Robert L. Miller, Jr.

JUDGE
UNITED STATES DISTRICT COURT